**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JOSEPH J. SMITH | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 12 C 4546 |
| | ) | |
| THE CITY OF CHICAGO, | ) | JUDGE BUCKLO |
| CAPTAIN MARK ALTMAN | ) | |
| | ) | Magistrate Judge Kim |
| Defendants. | ) | |

**DEFENDANTS' MOTION TO COMPEL PLAINTIFF'S EXPERT DEPOSITION**
**UNDER REASONABLE CIRCUMSTANCES FOR A REASONABLE FEE**

Defendant Mark Altman, by one of his attorneys, Colin B. White, Assistant

Corporation Counsel, respectfully moves this Court, pursuant to Federal Rule of Civil

Procedure 26(e), to compel plaintiff's named expert witness to sit for his deposition under

reasonable circumstances and for a reasonable fee. In support of this motion, Defendants

state as follows:

1.      This case involves a claim by Plaintiff that Defendant Altman used

excessive force against him. Plaintiff is seeking damages for injuries to his back and

neck allegedly suffered after his altercation with Defendant Altman.

2.      Plaintiff was treated for his injuries by Dr. Patrick Sweeney of Minimally

Invasive Spine Specialists.

3.      In addition to being Plaintiff's treating physician, Dr. Sweeney was named

as an expert witness by Plaintiff on September 16, 2013. Plaintiff's counsel stated that in

addition to testifying to the treatment and care of the Plaintiff, Dr. Sweeney may testify

to, among other things: 1) his opinion that the Plaintiff's interaction with Defendant

Altman on the date of the incident caused Plaintiff's injuries, 2) future limitations the

Plaintiff may have due to his alleged injuries, and 3) Plaintiff's pain and suffering.

       4.      On September 25, 2013, Darwin Olortegui, a paralegal supervisor for the

City of Chicago, contacted Dr. Sweeney's office by telephone to schedule the doctor's

deposition. Dr. Sweeney's office manager Sharon informed Mr. Olortegui that Plaintiff

would only be deposed on Fridays at 3 p.m. at his office in Mokena, Illinois for a fee of

$1,200 per hour.

       5.      Mr. Olortegui told Sharon that since the City of Chicago was a taxpayer

funded municipality, they could not afford to pay $1,200 per hour. Mr. Olortegui offered

Dr. Sweeney a reasonable fee of $600 per hour and informed Sharon that courts usually

set expert fees at $400-$500 per hour. Dr. Sweeney's office manager declined the City's

offer for a reasonable fee and told Mr. Olortegui to get a court order instead.

       6.      Due to the nature of the plaintiff's injuries and the potential length of the

deposition, Mr. Olortegui also requested dates Dr. Sweeney would be available before 3

p.m. Sharon declined to provide any dates and then withdrew the previous dates offered

by the doctor for his deposition.

       7.      Defendants request this Court compel Dr. Sweeney to sit for his deposition

under reasonable circumstances and for a reasonable fee. Dr. Sweeney's deposition

could take up to 7 hours; it is unreasonable of him to require Defendants to take his

deposition only after 3 p.m. on Fridays at his office in Mokena. Dr. Sweeney should be

produced by Plaintiff's counsel at the office of Defendants' counsel on a date agreed to

by the parties at a time before 12 p.m.

8.      Under Federal Rule of Civil Procedure 26(b)(4)(a), a party seeking discovery from an expert witness must "pay the expert a reasonable fee for time spent," unless "manifest injustice would result." *Rodriguez v. City of Chicago*, 2009 WL 2413750 (N.D.Ill. 2009).  Dr. Sweeney's requested fee of $1,200 is unreasonable and would result in manifest injustice.

9.      In order to determine the reasonableness of a fee, courts consider seven factors: 1) the witness' area of expertise; 2) the education and training that it required to provide the expert insight which is sought; 3) the prevailing rates of other respected available experts; 4) the nature, quality and complexity of the discovery responses provided; 5) the fee actually charged by the expert on related matters; and 7) any other factor likely to assist the court.  *Royal Maccabees Life Ins. Co. v. Malachinski*, 2001 WL 290308 (N.D. Ill. 2001).  In *Malachinski*, Judge Guzman ruled Plaintiff had the burden to demonstrate that its expert rate was reasonable, and if the parties provided little evidence to support their interpretation of a reasonable rate, the court could exercise its discretion in setting the reasonable rate.  *Id.*

10.      Defendants request that this Honorable Court determine a reasonable hourly fee for Dr. Sweeney.

For the foregoing reasons, Defendants respectfully request pursuant to Fed. R. Civ. P. 26 that the Court compel plaintiff's expert Dr. Patrick Sweeney be compelled to sit for his deposition under the reasonable circumstances proposed by Defendants for a reasonable fee determined by this Court and for any other relief this Court deems just and proper.

Dated:  September 27, 2013


Respectfully submitted,


  /s/ Colin B. White
Colin B. White
Assistant Corporation Counsel
City of Chicago Department of Law
30 N. LaSalle, Suite 900
Chicago, IL 60602
(312) 744-9171
Attorney No. 6304276

Attorney for Defendant Altman

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 27, 2013, I electronically filed the foregoing **MOTION TO COMPEL PLAINTIFF'S  DEPOSITION TESTIMONY UNDER REASONABLE CIRCUMSTANCES FOR A REASONABLE FEE** using the CM/ECF system and by fax, which will send notification of such filing to the following:

bhorwitz@hrbattorneys.com
ubansal@bhlfattorneys.com

Dr. Patrick Sweeney (fax)
Fax: 708-390-2299

_/s/ Colin B. White_