

October 23, 2014

Jury Instructions as read.

12-cv-4546

Smith v. Altman

Judge Sara L. Ellis



**FILED**

10/23/2014

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT



FILED

OCT 2 3 2014

JUDGE SARA L. ELLIS
U.S. DISTRICT COURT

*Smith v. Altman*

Members of the jury, you have seen and heard all the evidence and the prior arguments of the attorneys, I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

FILED

UCT 23 2014

JUDGE SARA L. ELLIS
U.S. DISTRICT COURT

During this trial, I have asked a witness a question myself. Do not assume that because I asked questions I hold any opinion on the matters I asked about, or on what the outcome of the case should be.

The evidence consists of the testimony of the witnesses, the exhibits received in evidence, and stipulations.

A stipulation is an agreement between both sides that certain facts are true.

The parties agree that the total amount of Plaintiff Joseph Smith's medical bills in this case are $414,996.76, and that the City of Chicago has paid $150,666.61 of those medical bills.

The parties agree that the total amount of lost wages that Plaintiff has incurred from November 2, 2011 to the present time are $247,205.00, and that the City of Chicago has paid $84,756.00 for one year of those lost wages.

You are to consider the stipulation for purposes of damages only, not for liability.

Certain things are not considered as evidence. I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded. This includes any press, radio, Internet or television reports you may have seen or heard. Such reports are not evidence and your verdict must not be influenced in any way by such publicity.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

5

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

You should use common sense in weighing the evidence and consider the evidence in light of your observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, <u>direct</u> evidence that it is raining is testimony from a witness who says, "I was outside a minute ago and saw it raining." <u>Circumstantial evidence</u> that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You must also decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

- the witness's memory;

- any interest, bias, or prejudice the witness may have;

- the witness's intelligence;

- the manner of the witness while testifying;

- and the reasonableness of the witness's testimony in light of all the evidence in the case.

You may consider statements given by a party or witness under oath before trial as evidence of the truth of what he said in the earlier statements, as well as in deciding what weight to give his testimony.

With respect to other witnesses, the law is different. If you decide that, before the trial, one of these witnesses made a statement not under oath or acted in a manner that is inconsistent with his testimony here in court, you may consider the earlier statement or conduct only in deciding whether his testimony here in court was true and what weight to give his testimony here in court.

In considering a prior inconsistent statement or conduct, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

You have heard witnesses give opinions about matters requiring special knowledge or skill. You should judge this testimony in the same way that you judge the testimony of any other witness. The fact that such person has given an opinion does not mean that you are required to accept it. Give the testimony whatever weight you think it deserves, considering the reasons given for the opinion, the witness's qualifications, and all of the other evidence in the case.

When I say that a party must prove something by " a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

It is proper for a lawyer to meet with any witness in preparation for trial.

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

Certain demonstrative exhibits have been shown to you. Those maps, photographs, illustrations, and diagrams are used for convenience and to help explain the facts of the case. They are not themselves evidence or proof of any facts.

In this case, Plaintiff claims that Defendant Mark Altman used excessive force against him. To succeed on this claim, Plaintiff must prove each of the following things by a preponderance of the evidence:

1.    Defendant used unreasonable force against Plaintiff; and

2.    Because of Defendant's unreasonable force, Plaintiff was harmed.

If you find that Plaintiff Smith has proved each of these things against Defendant Altman by a preponderance of the evidence, then you should find for Plaintiff, and go on to consider the question of damages.

If, on the other hand, you find that Plaintiff did not prove any one of these things by a preponderance of the evidence, then you should find for Defendant Altman, and you will not consider the question of damages.

You must decide whether Defendant's use of force was unreasonable from the perspective of a reasonable Fire Department officer facing the same circumstances that Defendant faced. You must make this decision based on what Defendant Altman knew at the time of the incident, not based on what you know now. In deciding whether Defendant's use of force was unreasonable, you must not consider whether Defendant's intentions were good or bad.

In performing his job, a Fire Department officer can use force that is reasonably necessary under the circumstances.

If you decide for Defendant on the question of liability, then you should not consider the question of damages.

If you find that Plaintiff has proved his claim against Defendant, then you must determine what amount of damages, if any, Plaintiff is entitled to recover.

If you find for Plaintiff and against Defendant, you may, but are not required to, assess punitive damages against the Defendant. The purposes of punitive damages are to punish a defendant for his conduct and to serve as an example or warning to the defendant and others not to engage in similar conduct in the future.

Plaintiff must prove by a preponderance of the evidence that punitive damages should be assessed against the Defendant. You may assess punitive damages only if you find that the Defendant's conduct was malicious or in reckless disregard of Plaintiff's rights. Conduct is malicious if it is accompanied by ill will or spite, or is done for the purpose of injuring Plaintiff. Conduct is in reckless disregard of Plaintiff's rights if, under the circumstances, it reflects complete indifference to Plaintiff's safety or rights.

If you find that punitive damages are appropriate, then you must use sound reason in setting the amount of those damages. Punitive damages, if any, should be in an amount sufficient to fulfill the purposes that I have described to you, but should not reflect bias, prejudice, or sympathy toward any party. In determining the amount of any punitive damages, you should consider the following factors:

- the reprehensibility of Defendant's conduct;

- the impact of Defendant's conduct on Plaintiff;

- the relationship between Plaintiff and Defendant;

- the likelihood that Defendant would repeat the conduct if an award of punitive damages is not made;

- Defendant's financial condition

- the relationship of any award of punitive damages to the amount of actual harm the Plaintiff suffered.

22

Upon retiring to the jury room, you must select a presiding juror. The presiding juror will preside over your deliberations and will be your representative here in court.

A form of verdict has been prepared for you.

[Forms of verdict read]

Take these form to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in and date the form, and all of you will sign it.

I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror. The writing should be given to the marshal, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally.

If you do communicate with me, you should not indicate in your note what your numerical division is, if any.

The verdict must represent the considered judgment of each juror. Your verdict, whether for or against the parties, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts.

If you find in favor of Plaintiff, then you must determine the amount of money that will fairly compensate Plaintiff for any injury that you find he sustained. These are called "compensatory damages."

Plaintiff must prove his damages by a preponderance of the evidence. Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the physical and mental aspects of injury, even if they are not easy to measure.

You should consider the following types of compensatory damages, and no others:

1.    The reasonable value of medical care and supplies that Plaintiff reasonably needed and actually received.

2.    The wages that Plaintiff has lost because of his inability or diminished ability to work.

3.    The physical and mental/emotional pain and suffering and disability/loss of a normal life that Plaintiff has experienced. No evidence of the dollar value of physical or mental/emotional pain and suffering or disability/loss of a normal life has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of pain and suffering. You are to determine an amount that will fairly compensate the Plaintiff for the injury he has sustained.

If you find Defendant Altman liable, and if you find that Joseph Smith had a bodily condition that predisposed him to be more subject to physical injury than a person without that bodily condition, Defendant Altman would be liable for any and all physical injury that Joseph Smith may have suffered as the result of Defendant Altman's conduct, even though Joseph Smith's physical injury may have been more severe than it would have been without the condition.