**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JOSEPH J. SMITH, | ) | |
| | ) | Case No. 12 C 4546 |
| Plaintiff, | ) | |
| | ) | JUDGE SARA L. ELLIS |
| vs. | ) | |
| | ) | Magistrate Judge Kim |
| THE CITY OF CHICAGO, CAPTAIN MARK ALTMAN, | ) ) | |
| | ) | |
| Defendants. | ) | |

**<u>DEFENDANT CITY OF CHICAGO'S RULE 59 MOTION FOR NEW TRIAL OR, IN THE ALTERNATIVE, FOR REMITTITUR</u>**

NOW COMES nominal Defendant CITY OF CHICAGO ("City"), by its attorney, STEPHEN R. PATTON, Corporation Counsel for the City of Chicago, and respectfully moves this Honorable Court, pursuant to Fed. Rules of Civ. Pro. 59, to grant a new trial in this matter, or a new trial on damages, or, in the alternative, to grant remittitur of the compensatory damages awarded.

**INTRODUCTION**

On September 24, 2014, this Court held a pre-trial conference in this matter where it ruled the following: (1) The Court granted Defendant City's motion for a post-tial evidentiary hearing on set-off in event that damages would be awarded to plaintiff; (2) Defendant City was excused from participation at trial as purely a nominal defendant for *respondeat superior* purposes; (3) a stipulation would be entered into by the remaining parties for trial purposes regarding total medical bills and wages claimed. This stipulation would also take into consideration, for purposes of what bill amounts were "reasonable and necessary," the amounts actually paid by the City of Chicago for the procedures, and what portion thereof Plaintiff would

1

therefore have the burden of showing such extra billing was "reasonable and necessary." Such a stipulation would then also provide the jury a basis for calculating any specials claimed, as well as outstanding lost wages to date. *See* Transcript of Pre-Trial Conference (PTC) of September 24, 2014 (pp.1-24), attached hereto as Exhibit A.

In addition, at the September 24, 2014 pre-trial conference, this Court specifically prohibited plaintiff from arguing the set-off issue in closing in such terms that would infer that all the medical procedures were automatically medically necessary and related to the injury since the City paid an amount for them. In fact, Plaintiff's counsel himself admitted that such an approach would be highly prejudicial to the Defendants. *Id*.

On October 13, Plaintiff's filed a "Motion for Clarification" seeking confirmation that any set-off would be determined only at a post-trial set-off hearing, providing ample case law in support of that position. *See* Plaintiff's Motion for Clarification (Doc. No. 154 on the Court's Docket in this matter). On October 15, 2014, the Court denied the motion since the Court had already ruled on the issue at the September 24, 2014 pre-trial conference, whereby the Court granted Defendant City's motion for such a post-trial set-off hearing. *See* Transcript of October 14, 2014 (pp.6-10), attached hereto as Exhibit B, and order of the Court dated October 15, 2014 denying the motion to clarify for reasons stated in open Court (Doc. No. 157 on the Court's Docket in this matter).

Then, at the jury instruction conference of October 23, 2014, this Court further clarified how the proposed Stipulation as to medical bills, as discussed at the pre-trial conference, was to be used for trial purposes, and, since no evidence was provided as to future medical bills or

wages, that those could not be claimed.  *See* Transcript of October 23, 2014[1] (pp.1394-1398; 1403-1405), attached hereto as Exhibit C.

The parties at trial proceeded to submit the requested Stipulation and accompanying jury instructions explaining that the jury was to view that Stipulation for damages purposes only and not for liability purposes, to the Court to read to the jury, which was done.  *See* Stipulation as incorporated into Jury Instructions, attached hereto as Exhibit D.  No further information or instruction was provided to the jury in this regard.  In his subsequent closing, however, Plaintiff ignored the prior rulings of the Court and argued not only set-off for the medical claims in such terms that directly inferred that all the medical procedures and their total billing amounts were automatically medically necessary, reasonable and related, but went on to claim future medical expenses within the Loss of Normal Life category, despite having no evidence shown to support any of it.

Plaintiff in closing mislead the jury to believe (1) that the City only paid a portion of such medical bills to date and that the Plaintiff was somehow left high-and-dry by the City, liable "out-of-pocket" for remaining medical procedures already done, as listed in the difference between what the bills were and what the City paid, and (2) that the Plaintiff was clearly to have further medical procedures done in the future, inferably not to be paid by the City, and that these should be included in the "Loss of Normal Life" category on the verdict form.  These inflated amounts were then used in Plaintiff's final closing argument that the jury should award "three times specials" when calculating the Pain & Suffering category.  *See* Transcript of October 23, 2014 (pp.1445-1450), attached hereto as Exhibit E.

---

[1] Please note that the transcript for the morning of October 23, 2014, was inadvertently identified on the face of the transcript as October 24, 2014.

The result of these improper arguments and cumulative errors was clear confusion by the jury, an unfair trial in regard to damages for the City, and an improper and excessive award to the plaintiff, all requiring a new trial on damages. These cumulative errors, combined with the errors set forth in Defendant Altman's Rule 59 motion (Doc. Nos. 184 and 185 on the Court's Docket in this matter), as incorporated herein, also warrant a new trial generally.

Here, also, the lack of a rational basis for the awards to the Plaintiff demonstrates that the jury rested its verdict upon confusion, passion, prejudice, or sympathy, or a combination thereof, resulting in an excessive award for Plaintiff. The award to Plaintiff is thus unreasonable, in light of the lack of supporting evidence at trial. Moreover, the award defies the verdicts in comparable cases. Accordingly, this Court should, in the alternative, remit that portion of the awards which are either unsupported or beyond the acceptable range of similar awards for similar injuries.

In the case at bar, Defendant City therefore requests a new trial pursuant to Defendant Altman's Rule 59 Motion (Doc. Nos. 184 and 185 on the Court's Docket in this matter), as incorporated into this motion, or a new trial on damages or, in the alterative, that this Court remit plaintiff's compensatory damage verdict.

**ARGUMENT**

**1. Defendant City hereby incorporates the arguments set forth in Defendant Altman's Rule 59 motion for a new trial in this matter.**

The City hereby incorporates the arguments for a new trial contained in Defendant Altman's Rule 59 motion in this matter (Docket Nos. 184 and 185 on the Court's Docket in this matter), and itself requests a new trial in this matter.

**2. Plaintiff failed to follow this Court's rulings in regard to how and why the evidence regarding damages was to be presented to the jury, with the cumulative effect of those errors requiring a new trial on damages, and, with other errors, a new trial generally.**

Plaintiff failed to follow this Court's orders in two major ways when they argued their claims for Medical Care and for Loss of Normal Life, leading to no less than three errors in how the jury was directed to calculate damages in this case.

First, at the pre-trial Conference in this matter, the Court clearly ruled that Plaintiff had the burden of proving not only the relatedness of the medical procedures to the alleged incident but also that, for those amounts of bills above and beyond what the City paid for those procedures, whether that extra billing was reasonable and necessary for purposes of determining their damages for Medical Care. The final amount of damages for Medical Care, however determined by the jury based upon the Stipulation, the evidence presented at trial, and the parties' arguments, would then be used to determine any specials in regard to any additional claim for Pain and Suffering, as well as then set-off by the amount paid by the City following a post-trial hearing. The Court clearly re-iterated that position and warned Plaintiff not to argue a set-off to the jury in the jury instruction conference immediately prior to plaintiff's closings.

Nevertheless, Plaintiff in his closing went on to strategically argue exactly that—set-off—in his closing arguments in regard to Medical Care, creating two distinct errors purposely misleading the jury. The first error was to mislead the jury by stating that it should disregard the amount paid by the City of the total bills listed, and focus on the "remaining" bills of the Plaintiff that had not been paid by the City. Not only was this patently false (all procedures included in those bills were paid for by the City's expenditure), it purposely left the distinct incorrect impression, with no evidence at all put forward, that all the "remaining" bills were automatically

both related to the incident as well as reasonable and necessary, and that the City only paid part of the procedures, leaving Plaintiff "high and dry" to pay for the rest of the procedures, without having to describe with evidence which procedures they were even discussing.

The second error this approach caused was the artificial inflation of the final amount from which the specials would be calculated. Even assuming Plaintiff was able to convince the jury as to the relatedness of all the procedures discussed, instead of starting at the base amount of $150,666.61 actually paid by the city, for determining specials, Plaintiff, by use of this misleading approach, was able to increase the base amount with absolutely no evidence whatsoever as to the reasonable and necessary foundation of the extra billing amounts. Hence, the final amount was artificially inflated to $264,330.15, nearly $114,000 more than the base paid by the City for all the procedures. The jury then awarded from that amount approximately 2.3 times specials, bringing the Pain & Suffering award to $600,000, instead of the approximately $346,000 that such an equation would have brought from the base amount paid by the City.

Finally, the third error occurred when Plaintiff violated the Court's ruling prohibiting him from arguing or making a claim for future medical bills, for there was absolutely no evidence presented to the jury in this regard, either. This was clearly confirmed by the Court in the jury conference just prior to closings. Once again, however, plaintiff disregarded the Court's ruling and simply made such an argument and claim within the context of the Loss of Normal Life category. Instead of properly arguing what the Plaintiff would no longer be able to do after the incident compared to that before the incident due to the injury caused by it, Plaintiff insisted on discussing at length that he would still need future extensive medical procedures, inferring also that he would still have to pay for such procedures in the future. In the context of the strategic

although improper set-off argument in regard to Medical Care discussed above, and its resulting inflated numbers, the amount awarded by the jury for Loss of Normal Life surely includes such purely speculative future medical expenses, perhaps a majority of the $300,000 awarded for that category.

The Seventh Circuit has clearly stated that to demonstrate cumulative error, Defendant City must show that (1) at least two errors were committed during the trial, and (2) these errors denied the City a fundamentally fair trial. *United States v. Conner*, 583 F.3d 1011, 1027 (7th Cir.2009); *Alvarez v. Boyd*, 225 F.3d 820, 825 (7th Cir.2000). For this, the Court examines the entire record, looking at factors such as the nature and number of errors committed, the interrelationship and combined effect of the errors, how the trial court handled the errors, and the strength of the plaintiff's case. *Boyd*, 225 F.3d at 825. The Court will only provide relief if we determine that the effect of the errors, considered together, could not have been harmless. *Id*.

Here, we have three serious errors, as outlined above, all concentrated in the specific area of damages. These three glowing errors, when considered together, could not have been harmless, and prevented the City from obtaining a fair trial regarding damages. Hence, the Court should grant a new trial on damages in this matter. Furthermore, when combined with the errors set forth in Defendant Altman's Rule 59 motion and attached memorandum, as incorporated herein in Section 1, above, the numerous errors warrant a new trial generally.

**3. Plaintiff's improper argument on damages was against the clear weight of the evidence, confused the jury, was unfair to the City, and resulted in an excessive verdict, requiring a new trial on damages, or, in the alternative, remittitur of the compensatory damages awarded.**

### a. A New Trial on Damages Is Warranted.

Under Rule 59(a) a new trial may be granted "for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States." Fed.R.Civ.P 59. The governing principle, in Rule 59(a) motions, "is that the court has the power and duty to order a new trial whenever, in its judgment, a new trial is required in order to prevent injustice." *Gray v. Burke*, 2007 WL 2688447, *4 (N.D. Ill. 2007), *citing* 11 *Wright & Miller* § 2805 at 54-55); *see also id.* § 2803 at 45-46. A motion for a new trial may be granted if the verdict is against the clear weight of the evidence, the damages are excessive, or if for other reasons the trial was not fair to the moving party. *Westchester Fire Insurance Co. v. General Star Indemnity Co.*, 183 F.3d 578, 582 (7th Cir.1999) (citations omitted). "The decision whether to grant a motion for a new trial is within the trial court's discretion." *Gray*, 2007 WL 2688447, at *4 (citing Neal v. Honeywell, Inc., 191 F.3d 827, 831 (7th Cir. 1999)).

The purpose of compensatory damages is to make the plaintiff whole. *Douglass v. Hustler Magazine, Inc.*, 769 F.2d 1128, 1146 (7th Cir. 1985). "When the amount of a damages award is a basis for a new trial, a new trial will only be granted if the award is monstrously excessive or there is no rational connection between the award and the evidence." *Garcia v. City*, 2003 WL 22175622 (N.D. Ill. 2003) *citing Bruso v. United Airlines, Inc.*, 239 F.3d 848, 2001 WL 87635 *5 (7th Cir. Feb. 2, 2001) (citations omitted) (*quoting Gavoni v. Dobbs House, Inc.*, 164 F.3d 1071, 1075 (7th Cir.1999)); *Kossman v. Northeast Illinois Regional Commuter R.R.*

*Corp.*, 211 F.3d 1031, 1037 (7th Cir. 2000) *quoting DeBiasio v. Illinois Central R.R.*, 52 F.3d 678, 686 (7th Cir.1995), *cert. denied*, 516 U.S. 1157 (1996)).

Pursuant to this Court's ruling at the pre-trial conference in this matter, the City, as indemnifier of individual defendant Altman, was dismissed in terms of its participation at trial. Thus, the City was not present at the trial, nor was it a party to the stipulation entered into by the parties for purposes of trial, and is therefore severely prejudiced by the improper arguments made by Plaintiff's counsel inconsistent with the Court's rulings regarding damages not only at the pre-trial conference, but also at the jury instruction conference during trial, as set forth in detail in Section 2 of this motion, above. This, together with the lack of evidentiary support for such claims, caused severe confusion for the jury in regard to the calculation of damages, and resulted in an excessive damage award.

In this case, the jury threw caution to the wind in issuing its generous verdict of nearly $1.3 million—judges and juries must not be casual with other people's money. *Avitia*, 49 F.3d at 1229. If the liability verdict stands, all Defendant seeks is that amount of damages that will fairly compensate the Plaintiff in this case, but that is not the amount reflected on the monstrously excessive jury verdict form. The shocking excess reflected in the jury's awards are beyond the realm of reasonable compensation in light of the lack of evidence as to the reasonableness and necessity of any extra Medical Care billings beyond what the City paid, as to any future medical expenses, as to noneconomic damages, and the total deviation from prior jury awards as described below. Defendant is therefore entitled to a new trial on damages.

### b. In the Alernative, Remittitur is Warranted

In the alternative, remittitur, at the very least, should be granted. In reviewing a Rule 59(e) motion for remittitur, trial courts have considerable discretion in their rulings. *See Medcom Holding Co. v. Baxter Travenol Labs., Inc.*, 106 F.3d 1388, 1397 (7th Cir. 1997)2 (noting the abuse of discretion standard with deference to the trial court). Only the trial judge had an opportunity to observe all of the testimony and evidence presented as the jury did, enabling the judge to grant deference where it is due to the jury's verdict. In a review of a jury's damages award, a trial court may reduce or vacate the damages if the award is: monstrously excessive; lacks a rational connection to the evidence; and/or is not roughly comparable to awards made in similar cases. *Id*. Because the Seventh Circuit has stated that the ―monstrously excessive inquiry is, essentially, a rephrasing of the ―rational connection inquiry, this Motion shall focus exclusively on those two areas: the jury's award was neither rationally connected to the evidence nor comparable to awards made in similar cases. *See O'Sullivan v. City of Chicago*, 474 F. Supp. 2d 971, 982 (N.D. Ill. 2007). Accordingly, this Court should remit the damages awarded here within the below discussed confines.

Compensatory damages are designed to make a party whole – nothing more and nothing less. *See Douglass v. Hustler Magazine, Inc.*, 769 F.2d 1128, 1146 (7th Cir. 1985). Although this Court must give deference to a jury's verdict, little or no deference is due where the verdict offends this core principle of justice. *Ramsey v. Am. Air Filter Co., Inc.*, 772 F.2d 1303, 1313 (7th Cir. 1985) (trial court's duty is to ensure the verdict is supported by evidence). In other words, no matter how regrettable the conduct endured by a plaintiff is, and no matter how sympathetic that plaintiff may be, competent evidence must reasonably support any award.

*Abernathy v. Superior Hardwoods, Inc.*, 704 F.2d 963, 973 (7th Cir. 1983) (granting remittitur where extent of damages were not reasonably attributable to evidence presented).

Even assuming that the jury favorably accepted all of Plaintiffs' evidence and disregarded all of Defendant's evidence, the excessive verdict is simply not supported. Compensatory damages should make a plaintiff whole, not grant a plaintiff a windfall. *See Client Funding Solutions Corp. v. Crim*, 943 F. Supp. 2d 849, 866 (N.D. Ill. 2013). Only concrete, proven losses resulting from a culpable defendant's conduct should be reflected in a jury's verdict. *See Cooper Indus., Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 423, 432, 123 S.Ct. 1513 (2003). To be supported by the evidence, Illinois law requires that the evidence tend to show a basis for the computation of damages with a fair degree of probability. *Medcom Holding Co.*, 106 F.3d at 1398 (federal courts apply state substantive law as to whether evidence supports damages award). Absolutely no such computations were supported by Plaintiff with evidence in this case, and surely with no fair degree of probability.

In remittitur, the damages in this case should be reduced to make the Plaintiffs whole and nothing more. *U.S. ex rel. Chandler v. Cook Cnty., Ill.*, 277 F.3d 969, 977 (7th Cir. 2002) aff'd, 538 U.S. 119, 123 S. Ct. 1239, 155 L. Ed. 2d 247 (2003). As it stands, however, the Plaintiff is to receive a windfall, in light of this award lacking reasonable support from the evidence and being out of line with comparable awards.

A review of comparable cases demonstrates that the awards Plaintiff received are out of line and excessive in light of the evidence. Indeed, many plaintiffs received lesser awards for more extensive, better supported injuries. *Avitia v. Metro. Club of Chicago, Inc.*, 49 F.3d 1219, 1229 (7th Cir. 1995) (Damages ought to be proportioned to the injury – the slighter the injury,

the lower the damages). Notably, this Court is not limited to consider awards only within this jurisdiction nor those that have been specifically challenged for remittitur, though Defendant has provided those cases below. *Spina v. Forest Pres. Dist. of Cook Cnty.*, 207 F. Supp. 2d 764, 773 (N.D. Ill. 2002), *citing Joan W. v. City of Chicago*, 771 F.2d 1020, 1023 (7th Cir. 1985). While the verdict may make it slightly difficult to compare damages, viewing each possible claim within their respective ranges shows that the awards were manifestly unjust. The following cases demonstrate that the various aspects of the Plaintiffs' claims and awards, especially the $600,000 Pain & Suffering component, are not aligned with comparable back fracture injuries, the first two of which are from the Seventh Circuit itself: *Reising v. United States*, 60 F.3d 1241 (7th Cir. 1995)($150,000 for pain and suffering for back injury due to auto accident was excessive); *Abernathy v. Superior Hardwoods*, 704 F.2d 963 (7th Cir. 1983)($291,309 award for fractured vertebrae for pain and suffering was excessive); *see also, e.g., Ferrero v. United States* (5th Cir. 1979), *rehearing denied* 606 F2d 321 ($650,000 award for 24-year-old reduced to $150,000, and similar $650,000 award for another individual was excessive, as well); *Evans v. City of New York*, 613 NYS2d 712 (App.Div. 2d Dept., 1994)($600,000 award excessive); *Coleman v. State*, 353 So.2d 249 (La.App.3d.Cir, 1988)($500,000 award reduced to $80,000); *Wharf Cat, Inc. v. Cole*, 567 SW2d 228 (Tex.Civ.App.13th Dist., 1978)($162,250 award reduced to $97,500).

Whether this shocking excess of a $1.3 million verdict stems from the jury confusion caused by Plaintiff's improper arguments, from passion and prejudice, or from the perceived deep pocket of the Defendant's tax base, or a combination thereof, is uncertain, but all are improper grounds. Accordingly, this Court, if it does not grant a new trial outright, or a new trial

on damages, it should grant Defendant's motion for remittitur and award only damages supported by the evidence presented at trial.

## CONCLUSION

**WHEREFORE,** Defendant City prays that this Honorable Court, pursuant to Fed. Rule of Civ. Pro. 59, grant a new trial in this matter, or a new trial on damages, or, in the alternative, grant remittitur of the compensatory damages awarded, as stated above.

DATED:  November 26, 2014                               Respectfully submitted,

                                                        STEPHEN R. PATTON

                                                        Corporation Counsel for the
                                                        City of Chicago

                                                        By: /s/ Jonathan Clark Green
                                                             Jonathan Clark Green
                                                             Senior Asst. Corporation Counsel

30 North LaSalle Street
Suite 900
Chicago, Illinois  60602
(312) 744-0226
Fax # 312-744-0226
Attorney No.  6193934